IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY J. LACHER, DAVID MASONOFF, WILLIAM WERONKO, LEVI GASTON, KATHLEEN CUSHING, DAVE KEEN, BRENT SCOTT, CHARLES MAYER, JANELL PETERSON, SCOTT HERBST, EDUARDO PAULINO, PAUL DOHERTY, and JOYCE YIN, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>ARAMARK CORPORATION,<br><br>        Defendant. | CASE NO. 2:19-cv-00687-JP |
| MICHAEL MERCER and LEO FORD, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>ARAMARK CORPORATION,<br><br>        Defendant. | CASE NO. 2:19-cv-02762-JP |

**ORDER**

**AND NOW**, this 10th day of June, 2020, upon consideration of Plaintiffs' "Unopposed Motion for Certification of the Settlement Class/Collective, Final Approval of the Class/Collective Settlement, and Other Associated Relief" ("Motion") (Doc. 35), the

1

accompanying "Joint Stipulation of Settlement" ("Stipulation") (Doc. 35-1),[1] and the Exhibits thereto, the accompanying Declarations of R. Andrew Santillo (Doc. 35-2), Harold Lichten (Doc. 35-3); David Rothstein (Doc. 35-4), Steven Schwartz (Doc. 35-5), and Christopher Pikus (Doc. 35-6), the accompanying memorandum of law (Doc. 35-7), the supplemental notices filed with the Court concerning its May 28, 2020 Order (Docs. 40-41), the presentations of counsel during the June 9, 2020 telephonic Final Approval Hearing (Doc. 42), and all other papers and proceedings herein, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1. The Court has jurisdiction over the subject matter of the above-captioned and consolidated actions and all parties to the actions: the named Plaintiffs, Defendant, and the "Settlement Class" or all "Settlement Class Members," which consists of:

> Plaintiffs as well as all other Aramark employees in Bands 4-8 who were eligible for Management Incentive Bonus ("MIB") or Front Line Management ("FLM") bonuses for FY2018, but excluding individuals who: (1) individually settled their claims for MIB or FLM bonuses for FY2018 prior to November 15, 2019; (2) expressly released their claims in this case in a severance agreement after receiving a description of the claims in the case and a disclaimer that they would be releasing their right to participate in the case as a potential class member; or (3) signed a general release in a severance agreement before this case was filed. Excluded from the Settlement Class are (i) persons who were not employed by Aramark as of the last day of Aramark's FY2018 and therefore were not eligible for bonuses and thus are not in the Settlement Class, except to the extent Aramark entered into a separate, written agreement providing that they would be paid an MIB or FLM bonus for FY2018; and (ii) the seventeen (17) individuals (Gurpreet Bhambra, John Bragel, Heather Brennan, Janice Cook, Robin Day, John Fitzgibbon, Jacklyn Flores, Margaret Gonzalez, Theresa Hairston, Lawrence Handy, Elizabeth Johnson, Rory Klinge, Gary Lynch, Kerri O'Donnell, Gregory Ott, Lee Ann Shaw, and Debra Smith)[2] who timely and properly excluded themselves from the Settlement Class

---

[1] The capitalized and defined terms in this Order shall have the same meaning as the defined terms in the Stipulation.

[2] As discussed during the June 9, 2020 Final Approval Hearing, Defendant has agreed to class member Makeda Brown's request to have additional time to decide whether to exclude herself from the Settlement Class pursuant to Paragraph 8.1 of the Stipulation. Without affecting the finality of this Order, Ms. Brown shall inform Class Counsel in writing whether she will exercise this option to exclude herself or remain a Settlement Class Member on or before June 29, 2020.

as provided in the Stipulation.

See Stipulation (Doc. 35-1) at ¶ 2.8.

2. Solely for purposes of effectuating the Settlement, the Court finds that the Settlement Class satisfies Civil Rule 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Civil Rule 23(b)(3) additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Since the Rule 23 class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). See Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997).

3. The Court finds that the distribution by first-class mail of the original Notice Packet, and the subsequent update to the settlement website and postcard notice of the continuance of the Final Approval Hearing to June 9, 2020 constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of due process under the United States Constitution and applicable state laws. Based on evidence and other material submitted in conjunction with the Final Settlement Approval Hearing, the actual notice to the Settlement Class was adequate. These papers informed Settlement Class Members of the terms of the Settlement, their share of the settlement proceeds, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

4. The Court **APPROVES** the Settlement of the above-captioned actions, and each

of the releases and other terms set forth in the Stipulation, as fair, just, reasonable and adequate as to the Settlement Class, Plaintiffs, and Defendant.  The Court specifically finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settlement Class and Defendant, after thorough factual and legal investigation. The parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Stipulation. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted, the scope of claims asserted, and the releases provided by Settlement Class Members. The mechanisms and procedures set forth in the Stipulation by which payments are to be calculated and made to Settlement Class Members are fair, reasonable, and adequate. Payments to the Settlement Class Members shall be made according to those allocations and pursuant to the procedure set forth in the Stipulation.

5.    The Court finds the $15,475,709.60 payment to the Settlement Class members described in paragraph 1 above to be "fair, reasonable, and adequate" under the criteria described in Fed. R. Civ. P. 23(e)(2) and therefore **APPROVES** this payment.[3]

6.    The Court **APPROVES** the payment of $165,000.00 in Service Awards to Plaintiffs.

7.    The Court **APPOINTS** the law firms of Lichten & Liss-Riordan, P.C., Winebrake & Santillo, LLC, Rothstein Law Firm, PA, and Chimicles Schwartz Kriner & Donaldson-Smith LLP to serve as Class Counsel.  The record establishes that these firms are qualified to serve as

---

[3] Pursuant to Paragraph 8.1 of the Stipulation, this amount shall be reduced by $1,600.00 representing Makeda Brown's individual settlement amount should Ms. Brown exercise the opportunity to exclude herself from the Settlement Class in accordance with footnote 2 above.

class counsel under the criteria described in Civil Rule 23(g)(1)(A).

8. The Court **APPROVES** the payment of $5,325,000.00 to class counsel. As evidenced by the declarations of Class Counsel, this amount will reimburse Class Counsel for reasonable litigation and settlement administration expenses totaling $75,000. The remaining $5,250,000 is attributable to attorney's fees. This fee payment – which amounts to 25% of the total $21,000,000.00 Maximum Settlement Amount – falls within the range of fee awards in other class action settlements within the Third Circuit. See Ripley v. Sunoco, Inc., 287 F.R.D. 300, (E.D. Pa. 2012); Williams v. Aramark Sports, LLC, 2011 U.S. Dist. LEXIS 102173, *31-32 (E.D. Pa. Sept. 9, 2011). Also, the fee award is supported by the factors described in Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 193 n. 1 (3d Cir. 2000) and In re Prudential Insurance Company America Sales Practice Litig., 148 F.3d 283 (3d Cir. 1998).

9. By operation of this Order and upon the effective date of the Judgment, Plaintiffs shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, relinquished, and discharged all Class Representatives' Released Claims against the Released Parties as set forth in Paragraph 10.2 of the Stipulation.

10. By operation of this Order and upon the effective date of the Judgment, all Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, relinquished, and discharged all claims against the Released Parties in the Release as set forth in Paragraph 10.1 of the Stipulation.

11. By operation of this order and upon the effective date of the Judgment, Settlement Class Members shall not prosecute any other actions against the Released Parties in the Release as set forth in Paragraph 10.1 of the Stipulation.

12. These actions are hereby **DISMISSED WITH PREJUDICE**, although the Court

will continue to maintain jurisdiction over the enforcement of the Settlement.

                     BY THE COURT:

                     /s/ John R. Padova, J.
                     _____
                     John R. Padova, J.